(93 Misc. Rep. 109)

HODGKISS et al. v. DAYTON-BROWER CO., Inc.

(Supreme Court, Appellate Term, Second Department.  December, 1915.)

1. LANDLORD AND TENANT ⊜⟿195—"ABANDONMENT"—ACCEPTANCE—ALTERA-
TIONS.

    After the tenant's abandonment of premises consisting of adjoining stores, into each of which there was access from the adjoining store by means of open archways, the landlord's alterations closing the archways so as to make separate stores, so that the tenant could not at any moment re-enter and resume his occupancy, and going beyond the necessity for the preservation of premises, constituted an acceptance of the abandonment, after which the tenant could not be held for rent.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. ⊜⟿195.

    For other definitions, see Words and Phrases, First and Second Series, Abandonment.]

2. LANDLORD AND TENANT ⊜⟿195—ABANDONMENT—PROPOSITION TO RELET—
ACQUIESCENCE.

    Where a tenant, after his abandonment of the premises, repeatedly claimed that he had been evicted, and refused in any manner to concede that the relation of landlord and tenant existed, an acquiescence in the landlord's proposition to relet for the tenant's account is not shown, as to create a contract there must be an unequivocal and unqualified assertion of a right by one of the parties, and such silence by the other as to support the legal inference of his acquiescence.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. ⊜⟿195.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Frederick W. Hodgkiss and others against the Dayton-Brower Company, Incorporated.  Judgment for plaintiffs, and defendant appeals.  Reversed, and complaint dismissed.

In an action for rent alleged to be due under a written lease of premises, the tenancy of which the defendant tenant abandoned upon the ground of a constructive eviction, it was proven that after the abandonment the landlord (plaintiffs) made material alterations.  The defendant claimed (1) constructive eviction, and (2) a surrender and acceptance arising by operation of law by reason of the making of such alterations.

Argued November-December term, 1915, before KAPPER, MADDOX, and KELBY, JJ.

Albert Prigohzy, for appellant.

M. V. Dorney, of New York City, for respondents.

KAPPER, J. On the former appeal (156 N. Y. Supp. 907) we reversed the judgment for plaintiff upon the ground that whether there had been a surrender and acceptance presented a question of fact; it being our conviction that the trial court, as matter of law, entertained the view that there had not been a surrender and acceptance. Our attention upon this appeal is called to the fact that what the landlord did is not only undisputed, but conceded, and hence there was upon the conceded facts a surrender and acceptance as a matter of law.

[1, 2] The premises, consisting of adjoining stores in which the tenants conducted a furniture, carpet, and hardware business, and into each of which stores access was had from the adjoining store by means of open archways, were so altered by the landlord, after the tenant's abandonment, as to make them separate stores. This change was made by "closing up of the arches, the entrances from one room to another," or "between the stores," as stated by the landlord. The alterations were beyond any necessity for the preservation of the demised premises, and where that is the case there is an acceptance. See Meeker v. Spalsbury, 66 N. J. Law, 60, 48 Atl. 1026. The tenant repeatedly stood its ground that it had been constructively evicted, and refused again and again to in any manner concede that the relation of landlord and tenant continued. No act of the tenant, when broached with the proposition to relet for its account, can be construed as an acquiescence in the landlord's suggestion.

"To create a contract * * * there must be an unequivocal and unqualified assertion of a right by one of the parties, and such silence by the other as to support the legal inference of his acquiescence." Gray v. Kaufman Dairy & Ice Cream Co., 162 N. Y. at page 397, 56 N. E. at page 905, 49 L. R. A. 580, 76 Am. St. Rep. 327.

While the question of eviction presented a question of fact on the evidence, with the determination of which below we are not inclined to interfere, the alterations concededly made in the premises were inconsistent with the theory that the tenancy continued. If a landlord wishes to hold for rent a tenant who has abandoned his tenancy, he must, excepting for repairs to preserve the premises from decay, leave them in such a condition that the tenant may at any moment re-enter and resume his former occupancy.

Judgment reversed, with costs of the first appeal only, and complaint dismissed, with costs. All concur.